73,771-07

Mr. Kevin Terrell Tatum                          March 12, 2015
TDCJ #1409740
Darrington Unit
59 Darrington Rd.
Rosharon, Tx.  77583


TEXAS COURT OF CRIMINAL APPEALS
Attn: Hon. Abel Acosta, Clerk
P.O. Box 12308, Capitol Station
Austin, Tx. 78711


Re:  Cause   No. 73,771-07;  Tr. Ct. No. 1042008-B;  ENCLOSED
     "PETITION   FOR  REQUEST  FOR  RESOLUTION  OF  CLAIMS",  and
     "APPOINTMENT OF COUNSEL".


Dear Court Clerk:

Enclosed, please find an Original Copy of Petitioner's
"REQUEST  FOR  THE  RESOLUTION  OF  CLAIMS",  along  with
"APPOINTMENT  OF  COUNSEL",    filed pursuant to the above
styled and numbered cause, to be advanced before the Court.
Please file said "PETITION" before the Court, having the
appropriate jurisdiction over the same, at the Court's
earliest convenience.  By copy of this latter, and the
enclosed 'PETITION', I'm forwarding the same to Respondent,
Hon. KRISTIN GUINEY, Judge, 179th Judicial District Court,
Harris County, Texas, 77002.  Your help in filing said
'Petition' before the Court, at the Court's earliest
convenience, would be greatly appreciated.

Respectfully submitted,


KEVIN TERRELL TATUM
Petitioner Pro se
TDCJ #1409740

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 16 2015

Abel Acosta, Clerk

KEVIN TERRELL TATUM,            §        In The Texas Court
(Applicant)

vs.                             §        Of Criminal Appeals

WILLIAM STEPHENS,
Dir. Of TDCJ-ID,
(Respondent)                    §        Travis County, Texas

## PETITIONER'S REQUEST
## FOR RESOLUTION OF CLAIMS

-Not A Fact Finding Court-
-Appointment Of Counsel-

TO THE HONORABLE JUDGES OF SAID COURT:

PLEASE TAKE NOTICE, that COMES NOW, KEVIN TERRELL TATUM, Applicant, Pro Se, in the above styled and numbered cause, files this his "Petition For Resolution Of Claims", in good faith, and in the interest of justice. Petitioner asserts Due Process would be best served by this Court Granting the same, and in support thereof, your Petitioner would present unto this Honorable Court the following:

I.

## PROCEDURAL HISTORY OF THE CASE

That your Petitioner advanced a Post-Trial Application for Writ of Habeas Corpus before the Trial Court, pursuant to Cause No. 1042008-B, in the 179th Judicial District Court of Harris County, Texas, on or about June 12, 2012. The Trial Court 'Designated Issues To Be Resolved' on said Writ September 25, 2012.

Your Petitioner advanced an Affidavit, consisting of a 'recantation' from the State's Key Witness, CHARLEY IVORY, along with claims of Ineffective Assistance of Counsel. Said claims should have been 'supplemented' to Cause No. 1042008-A, but were unduly separated by the Court as two (2) distinct Cause Numbers. The Trial Court advanced Cause No. 1042008-A to this Honorable Court, but did not advance Petitioner's 'supplemental points', styled as Cause No. 1042008-B to this Honorable Court. The Texas Court of Criminal Appeals ruled on Cause No. 1042008-A, only, styled by this Court as Cause No. 73,771-05, on March 19, 2014. Thereafter, your Petitioner advanced a 'Federal Habeas Corpus' to the United States District Court, Cause No. H-14-1735, challenging the Constitutionality of his confinement, on both Cause Numbers, i.e., Cause No. 1042008-A and 1042008-B. It was then, upon the Respondent's response, that your Petitioner was apprised, for the first time, Cause No. 1042008-B was still pending, and was never resolved by the Trial Court. The Respondent moved to hold Cause No. H-14-1735 in abeyance, pending the resolution of Cause No. 1042008-B. On September 29, 2014, the Honorable FRANCES STACY, of the United States District Court, GRANTED the same.

Thereafter, your Petitioner wrote a 'Letter Of Inquiry' to the Trial Court, seeking to determine whether or not Cause No. 1042008-B was still pending. The Court responded and apprised your Petitioner that said Writ was still pending. Thereafter, your Petitioner advanced a 'Petition For Writ Of Mandamus' to this Court, seeking to compel the Trial Court to resolve his claims advanced in Cause No. 1042008-B. Said 'Mandamus', styled as Cause No. 73,771-06, was denied, without explanation, on December 18, 2014.

Your Petitioner advanced a '2nd Petition For Writ of Mandamus' before this Honorable Court, on or about February 3, 2015, seeking to compel resolution of his claims, and asserting the act sought to be implemented is wholly 'Ministerial', and even with the exercise of due diligence, your Petitioner had no other remedy of Law to compel resolution of his claim, pending before the Court for two and one-half, (2½) years. Specifically, your Petitioner moved the Court to have the Trial Court address the 'Affidavit' of the State's Key Witness, CHARLEY IVORY, whose 'Recantation' gives credence the many 'defense witnesses' version of the events, and whose 'recanted testimony' exculpates Petitioner of the charged offense. Moreover, Petitioner desired to have this Court compel the Trial Court to resolve Petitioner's claim of Ineffective Assistance of Counsel, wherein Trial Counsel conceded to one of Petitioner's point of errors.

Your Petitioner received no response from his '2nd Mandamus'. However, your Petitioner received a card from this

Honorable Court, dated 2/9/2015, and postmarked 2/13/2015, appriaing Petitioner:

"On this day, the application for 11.07 **WRIT OF HABEAS CORPUS** has been received and presented to the Court."

Said Writ was advanced to this Honorable Court, without any adequate 'fact finding' on the merits of Petitioner's claim, and without your Petitioner receiving a copy of the Court's Order and Ruling on the Writ.

## II.

## NOT A FACT FINDING COURT

That your Petitioner asserts he presented before the Trial Court sworn to allegations of facts, material to the legality of his confinement, and said claims were never resolved by the Trial Court. This Honorable Texas Court of Criminal Appeals is not a 'Fact Finding Court', and pursuant to the dictates of Art. 11.07(c), the Trial Court must make a determination on whether or not there exist controverted, previously unresolved issues of facts, material to the legality of Petitioner's confinement. The Trial Court 'designated issues to be resolved' September 25, 2012. Moreover, subsequent to the designation of issues, your Petitioner supplemented 'Newly Discovered Evidence' of a Key Witness 'Recantation', and the same was submitted in the form of a 'Sworn To Affidavit' from the State's key Witness, CHARLEY IVORY. As of this date, there has yet to be any

resolution of IVORY's testimony, exculpating Petitioner of the charged offense, nor any determination of Counsel's deficient performance and ineffective assistance.

Pursuant to the provisions of Art. 11.07 (d), the Trial Court is the 'fact finding Court', and can hold Hearings, appoint Counsel, or undergo other proceedings to resolve Petitioner's claims and make the required 'fact finding' on the Merits of Petitioner's claims. As of this date, March 12, 2015, your Petitioner has yet to receive any response from the Trial Court 'resolving' Petitioner's claims, and assert the passage of the Writ, styled as Cause No. 73,771-07, was advanced prematurely, as this Court cannot adequately resolve the merits of Petitioner's claims without a 'fact finding' resolution from the Trial Court. See Art. 11.07 (d), C.C.P.

## III.

## REQUEST FOR APPOINTMENT OF COUNSEL

That pursuant to Art. 11.07(d), supra, and the provisions of Art. 26.05, C.C.P., this Court can 'Appoint Counsel' for the resolution of his claims, advanced in the Writ. Petitioner asserts he presents controverted, previously unresolved facts, material to the legality of his confinement, by advancing an 'Affidavit' from the State's Key Witness, which clearly exculpates Petitioner of the charged offense, and is pivotal to his claim of not guilty. In addition, Trial Counsel, in addressing one of Petitioner's points of error,

conceded to 'deficient performance' that Prejudiced Petitioner's 6th Amendment Rights. Consequently, Petitioner asserts Due Process and the interest of justice would be best served by this Court Granting him 'Counsel' for the resolution of his meritorious claims. Petitioner contends, in light of the nature of the facts exculpating your Petitioner of the charged offense, this Court should GRANT a Hearing on the Merits, for the fair and just resolution of Petitioner's claims. Petitioner contends because this Court is not a 'fact finding' Court, and that there still exist controverted, unresolved allegations of facts, material to the legality of his confinement, that were never resolved, this Court should determine the passage of the Writ to the Court, styled as Cause No. 73,771-07, was prematurely advanced.

WHEREFORE, PREMISES, ARGUMENTS and AUTHORITIES CONSIDERED your Petitioner prays and respectfully urge for this Honorable Court to determine the Writ, Tr. Ct. No. 104200S-B, and this Court Cause No. 73,771-07, was advanced prematurely, as the same does not resolve the meritorious points of errors, material to the legality of his confinement, nor address the 'newly discovered evidence' of the 'recanted' testimony from the State's key Witness, exculpating your Petitioner of the charged offense. Petitioner prays this Court would Grant him leave to have the 'Appointment of Counsel' and hold a 'Hearing' on the Merits of Petitioner's claims. Alternatively, your Petitioner prays for whatever other,

7

further or different relief this Court deem is just and fair. Petitioner asserts the Federal Court is currently holding his Writ in 'abayance', and cannot adequately move forward with the resolution of the claims argued herein until this Court issue forth its decision, after the fact finding from the Trial Court. Petitioner contend due process and the interest of justice warrants resolution of his claims. It is so prayed for by Petitioner.

Respectfully submitted,

KEVIN TERRELL TATUM
**Petitioner Pro Se**
TDCJ #1409740
**Darrington Unit**
59 Darrington Rd.
**Rosharon, Tx. 77583**

## AFFIDAVIT

PURSUANT TO TITLE 6, CHAPTER 132, V.T.C.A., CIVIL PRACTICE AND REMEDIES CODE, AND 28 U.S.C. § 1746:

I, KEVIN TERRELL TATUM, Petitioner, Pro Se, being currently confined in the Texas Department of Criminal Justice - Institutional Division, at the Darrington Unit, located here in Brazoria County, Texas, have read the foregoing "PETITION FOR RESOLUTION OF CLAIMS", and presents the above argument, seeking to have the Court consider the Constitutional Merit of exculpatory points of errors advanced, supra, and hereby DEPOSE and DECLARE under the pain and penalties of Perjury the foregoing "PETITION" is true and correct to the best of Petitioner's Belief and Knowledge.

EXECUTED ON THIS THE _12th_ DAY OF _March_____, 2015.


KEVIN TERRELL TATUM
Petitioner Pro Se
TDCJ #1409740
Darrington Unit
Rosharon, Tx. 77583

## CERTIFICATE OF SERVICE

I, KEVIN TERRELL TATUM, Petitioner, Pro Se, files this his "PETITION FOR RESOLUTION OF CLAIMS", in good faith, seeking to have the Court consider the Constitutional Merits of his Claims advanced in his Writ, along with his request for Appointment of Counsel and a 'Hearing', hereby CERTIFY a true and correct legible copy of the foregoing 'PETITION' was served upon the below named and listed parties, by placing the same in the United States Mail, in a wrapper, with postage affixed thereto, on this the 12th day of March, 2015.

1. TEXAS COURT OF CRIMINAL APPEALS
Attn: Hon. ABEL ACOSTA, Clerk
P.O. Box 12308, Capitol Station
Austin, Tx. 78711

2. HARRIS COUNTY COURTHOUSE
Hon. KRISTIN M. GUINEY, Judge
1201 Franklin St., 18th Fl.,
Houston, Tx. 77002

KEVIN TERRELL TATUM
Petitioner, Pro Se
TDCJ #1409740
Darrington Unit
Rosharon, Tx. 77583